IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| Karen Bingham, | Civil Action No.: 5:13-cv-00714 |
| Plaintiff, | |
| v. | |
| GC Services, L.P., | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| Defendant. | |

For this Complaint, the Plaintiff, Karen Bingham, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and North Carolina Fair Debt Collection Practices Act, by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Karen Bingham ("Plaintiff"), is an adult individual residing in Apex, North Carolina, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant GC Services, L.P. ("GC"), is a Texas business entity with an address of 6330 Gulfton Street, Houston, Texas 77081, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

6. A financial obligation (the "Debt") was allegedly incurred to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to GC for collection, or GC was employed by the Creditor to collect the Debt.

9. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. GC Engages in Harassment and Abusive Tactics**

10. On or around August, 2011, GC began calling Plaintiff in an attempt to collect the Debt allegedly owed by Plaintiff's adult son Neal Bingham (the "Debtor")

11. These collection calls would come to Plaintiff's home phone in clusters, sometimes every day for a while and then a few months would pass before more calls.

12. From the beginning, Plaintiff informed GC that the Debtor did not reside with Plaintiff and was unreachable at Plaintiff's telephone number.

13. Plaintiff advised GC that she was in no way associated with the Debt or responsible for its repayment and that the repeated collection calls were inconvenient and annoying to her, and directed GC to cease all communications with her.

14. Thereafter, despite having been so informed and directed to cease communications, GC continued dialing Plaintiff's residential telephone number in an attempt to collect the Debt, causing frustration to Plaintiff.

15. During a conversation with Plaintiff, GC in a loud and aggressive manner demanded that Plaintiff relay GC's message to the Debtor. This caused Plaintiff to feel humiliated and oppressed.

16. Plaintiff provided GC with her son's cell phone number.

17. Plaintiff sent written cease and desist request to GC in the early part of 2013, but GC has persisted in contacting her.

18. GC's representative has refused to provide contact information for their counsel, or anyone to whom Plaintiff could speak in her efforts to have the frequent calls stop.

19. GC also contacted Plaintiff's husband on his cell phone although he is not the debtor, nor had he provided his cell phone number to GC.

C. **Plaintiff Suffered Actual Damages**

20. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

21. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

3

22. The Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

25. The Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

26. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

27. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

28. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

## VIOLATIONS OF THE NORTH CAROLINA FAIR DEBT COLLECTION PRACTICES ACT, N.C. Gen.Stat. § 58-70, *et seq.*

29. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The Plaintiff is a "person" as the term is defined by N.C. Gen.Stat. § 58-70-6(4).

31. The Defendant is a "collection agency" as the term is defined by N.C. Gen.Stat. § 58-70-15, and is duly licensed collect debt in the state of North Carolina pursuant to N.C. Gen.Stat. § 58-70-1.

32. The Defendant caused a telephone to ring or engaged the Plaintiff in telephone conversation with such frequency as to be unreasonable or to constitute a harassment to the Plaintiff under the circumstances or at times known to be times other than normal waking hours of the Plaintiff, in violation of N.C. Gen.Stat. § 58-70-100(3).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;
4. Actual damages pursuant to N.C. Gen.Stat. § 58-70-130(a);
5. Statutory damages of $4,000.00 for each violation pursuant to N.C. Gen.Stat. § 58-70-130(b) or N.C. Gen. Stat.. § 75-56.
6. Attorney's fees pursuant to N.C.G.S. § 75-16.1;
7. Punitive damages; and
8. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: October 11, 2013

        Respectfully submitted,

    By:   /s/ Ruth M. Allen

        Ruth M. Allen, Esq.
        Bar Number: 34739
        7413 Six Forks Road, Suite 326
        Raleigh NC  27615
        Email: rallen@lemberglaw.com
        Telephone: (855) 301-2100 Ext. 5536
        Facsimile:  (888) 953-6237
        Attorney for Plaintiff

        Of Counsel To:

        Sergei Lemberg, Esq.
        LEMBERG & ASSOCIATES L.L.C.
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile:  (203) 653-3424